# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PAULETTA HIGGINS,**

      **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　　**Case No:   6:14-cv-1136-Orl-40KRS**

**HAMILTON COUNTY JUVENILE COURT,**

      **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:   APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)**
>
> **FILED:    July 15, 2014**

Plaintiff Pauletta Higgins, proceeding *pro se*, filed a complaint against the Hamilton County, Ohio Juvenile Court. She asks that this Court dismiss a child custody case pending in the Ohio court because it was filed in the wrong venue because Higgins and her child live in Orlando.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a plaintiff seeks to proceed *in forma pauperis* the Court is required to consider whether the plaintiff's complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants - prisoner who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both

categories."). Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)). "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary." *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction, even when a party has not challenged it. *See, e.g., Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

In the complaint, Higgins does not allege any violation of a federal law, rule or treaty. Therefore, this Court cannot exercise federal question jurisdiction under 28 U.S.C. § 1331. She has also not made the necessary allegations to exercise diversity jurisdiction. 28 U.S.C. § 1332.

Moreover, "it is well established that 'the whole subject of domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.'" *St. Germain v. Gee*, No. 8:10-cv-1194-T-27TGW, 2010 WL 5394883, at *4 (M.D. Fla. Oct. 8, 2010) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)), *adopted* 2010 WL 5395099 (M.D. Fla. Dec. 23, 2010). Accordingly, federal courts do not have jurisdiction to determine issues of child custody. *Id.*

Because this Court does not have jurisdiction to dismiss a child custody case pending in a court in Hamilton County, Ohio, I **respectfully recommend** that Higgins's complaint be **dismissed** for lack of subject matter jurisdiction and that the application to proceed *in forma pauperis* (Doc.

No. 2) be **denied**.   I further **recommend** that if the Court accepts these recommendations, it direct the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 18, 2014.

                                         *Karla R. Spaulding*
                                         KARLA R. SPAULDING
                                       UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy